IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RAY THOMPSON, § | |
| TDCJ-CID NO.1798117, § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-12-3772 |
| § | |
| BRYAN TEXAS, BRAZOS COUNTY, § | |
| Defendants. § | |

MEMORANDUM AND ORDER OF DISMISSAL

Plaintiff, a state inmate proceeding *pro se and in forma pauperis*, has filed a civil rights complaint alleging that he was denied adequate medical care for a spider bite while confined in the Brazos County Minimum Security Jail, on Sandy Point Road in Bryan, Texas. (Docket Entry No.1). Plaintiff claims after he notified the nurse that he had been bitten, he was isolated from other inmates, and denied medical treatment. (Id.). He also complains that the conditions under which he was confined were deplorable. (Id.). Plaintiff indicates on the form complaint that he did not exhaust the grievance procedures at the Jail. (Id., page 3).

Discussion

Under the Prison Litigation Reform Act, inmates must exhaust "such administrative remedies as are available" prior to bringing a civil action. 42 U.S.C. § 1997e(a). Failure to exhaust is an affirmative defense, and "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." Jones v.

Bock, 549 U.S. 199, 216 (2007). Dismissal may be appropriate, however, when, on its face the complaint establishes the inmate's failure to exhaust. See Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir. 2007).

The Brazos County Jail has a three-step grievance process by which an inmate may complain about the violation of his civil rights. See Davis v. Kirk, Civil Action No.H-06-2381, 2007 WL 4353798, *5 (S.D. Tex. Dec. 11, 2007). Plaintiff indicates that he has not exhausted this process. (Docket Entry No.1). Therefore, his complaint is subject to dismissal for failure to exhaust his administrative remedies.

## Conclusion

Accordingly, the Court ORDERS the following:

1. Plaintiff's complaint is DISMISSED without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). All claims against all defendants are DENIED.

2. All other pending motions, if any, are DENIED.

The Clerk will provide a copy of this Order by facsimile transmission, regular mail, or e-mail to the parties.

SIGNED at Houston, Texas, on _April 23_, 2013.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE